IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEFFREY RAY ROUNDTREE (BOP Register No. 17256-064), | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:16-cv-485-B-BN |
| FCI SEAGOVILLE WARDEN HARMON, | § § § § | |
| Respondent. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Jeffrey Ray Roundtree, at least at the time of filing, a federal inmate incarcerated at BOP Seagoville FCI, in the Dallas Division of this district, has filed a habeas petition under 28 U.S.C. § 2241, challenging a Discipline Hearing Officer's ("DHO") decision that he violated BOP disciplinary code 297, Use of Telephone for abuses other than criminal activity ("Code 297"). *See* Dkt. Nos. 2 & 4. The habeas petition has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Chief Judge Barbara M. G. Lynn. The undersigned issues the following findings of fact, conclusions of law, and recommendation that, for the following reasons, the Court should deny the petition.

**Applicable Background**

Roundtree, convicted of possessing a visual depiction of a minor engaging in

sexually explicit conduct, *see United States v. Roundtree*, No. 08-CR-104-TCK (N.D. Okla.), was incarcerated at USP Marion at the time he received the incident report that led to the DHO's decision, *see* Dkt. No. 11-1 at 2. But, by the time he filed the Section 2241 petition, he was incarcerated at Seagoville. *Cf. Pack v. Yusff*, 218 F.3d 448, 451 (5th Cir. 2000) (an action under Section 2241 "must be filed in the same district where the prisoner is incarcerated" (citations omitted)).[1]

The basis of the Code 297 violation is that, in May 2013, routine telephone monitoring revealed that Roundtree circumvented BOP's ability to monitor a phone number when, in the course of a 15-minute phone call he placed from the prison, he asked the person on the other end to call another phone number and the recipient of Roundtree's phone call is then heard in the background speaking to the person the recipient called. *See* Dkt. No. 11-1 at 10, 27. For this violation, the BOP disallowed 27 days of Roundtree's good-time credits and restricted his commissary and telephone use for 90 days. *See id.* at 27. According to the government, Roundtree has exhausted his available administrative remedies. *See id.* at 4, ¶ 18.

**Legal Standards**

"To establish a due process violation, a prisoner must show that he was deprived

---

[1] *See also Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) (Section 2241(a) provides that "[d]istrict courts are limited to granting habeas relief 'within their respective jurisdictions,'" language the Supreme Court of the United States has "interpreted ... to require 'nothing more than that the court issuing the writ have jurisdiction over the custodian.'" (respectively quoting 28 U.S.C. § 2241(a); *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 495 (1973))).

of a liberty interest protected by the Constitution or other law. Not every punishment for prison misconduct implicates a protected liberty interest." *Jacques v. Bureau of Prisons*, 632 F. App'x 225, 225 (5th Cir. 2016) (citing *Sandin v. Conner*, 515 U.S. 472, 483-84, 485-87 (1995)). For example, neither "the temporary loss of commissary" nor the temporary loss of "visitation privileges" would "support a due process claim." *Id.* (citing *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000); *Berry v. Brady*, 192 F.3d 504, 508 (5th Cir. 1999)).

But, here, the Court begins with the "assum[ption] ... that federal prisoners have a liberty interest in their good-time credits." *Deen-Mitchell v. Young*, 490 F. App'x 650, 650-51 (5th Cir. 2012) (per curiam) (citing *Henson v. U.S. Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000) ("BOP does not challenge the district court's conclusion that Henson had a statutorily-created liberty interest in his good time credit." (citation omitted)); *Pepper v. United States*, 562 U.S. 476, 502 n.14 (2011) ("An award of good time credit by the [BOP] does not affect the length of a court-imposed sentence.... Such credits may be revoked at any time before the date of a prisoner's release." (citations omitted))).

"When a prisoner has a liberty interest in good-time credits, revocation of such credits must comply with minimal procedural requirements." *Pruitt v. Martin*, 582 F. App'x 319, 320 (5th Cir. 2014) (per curiam) (quoting *Henson*, 213 F.3d at 898 (in turn citing *Superintendent, Mass. Corr. Institution v. Hill*, 472 U.S. 445, 454 (1985)); internal quotation marks omitted). These requirements – which "are flexible ... and

must necessarily be balanced against legitimate penological interests," *Henson*, 213 F.3d at 898 (citing *Hill*, 472 U.S. at 556; *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974)) – "include notice, an opportunity to be heard, and written findings in support of the action," *Deen-Mitchell*, 490 F. App'x at 651 (citing *Wolff*, 418 U.S. at 564-65); *accord Hunnicutt v. Stephens*, No. 3:14-cv-885-G-BN, 2014 WL 2619856, at *2 (N.D. Tex. June 12, 2014).

"Federal habeas review of the sufficiency of the evidence to support a disciplinary conviction is extremely limited. Due process requires only 'some evidence to support the findings made in the disciplinary hearing.'" *Hunnicutt*, 2014 WL 2619856, at *2 (quoting *Hill*, 472 U.S. at 457; citing *Smith v. Rabalais*, 659 F.2d 539, 545 (5th Cir. Unit A Oct. 1981) (a court must determine whether "any evidence at all" supports disciplinary action taken by prison officials)); *see Pruitt*, 582 F. App'x at 320 ("[A] disciplinary proceeding comports with due process if ... there is 'some evidence' in the record to support the disciplinary conviction." (citing *Richards v. Dretke*, 394 F.3d 291, 294 (5th Cir. 2004))).

**Analysis**

The disciplinary record reflects that Roundtree received the procedural protections required by *Wolff*. *See* Dkt. No. 11-1 at 10, 22, 24, 26-28; *see also Martinez v. Young*, 653 F. App'x 835, 835-36 (5th Cir. 2016) (per curiam) ("Because Martinez lost earned good time credits, he was entitled to due process as recognized in *Wolff*. A review of the disciplinary record reflects that Martinez received all of the procedural

process to which he was due under *Wolff*. The record shows that Martinez was given (1) written notice of the charges, (2) the opportunity to call witnesses and present documentary evidence in his defense, and (3) a written statement of the evidence relied on and the reasons for the disciplinary action taken." (citations omitted)).

The DHO's decision is clearly supported by some evidence. *See* Dkt. No. 11-1 at 27.

Authority supports the BOP's conclusion that Roundtree's use of the telephone constituted a prohibited three-way call, in violation of Code 297. *See generally Boatswain v. Martinez*, No. 1:12-CV-704, 2012 WL 4426505 (W.D. La. Aug. 10, 2012), *rec. adopted*, 2012 WL 4195371 (W.D. La. Sept. 19, 2012), *aff'd*, 544 F. App'x 409 (5th Cir. 2013) (per curiam).

And Roundtree's claim that Code 297 is unconstitutionally vague should be rejected. *See Spotts v. Holt*, No. 3:11-CV-1880, 2015 WL 4219751, at *5-*6 (E.D. Pa. July 10, 2015) (concluding that "Code 297 is not unconstitutionally vague" because "[f]rom the regulation, a prisoner making a call should know that he is not allowed to pass messages to and from another inmate and the person called because such would circumvent the ability of prison staff to monitor the frequency, content, and number called of the prisoner receiving the messages"; and "[f]rom the regulation, a prisoner making a call should know that he cannot falsely identify himself as another inmate because to do so could also circumvent the ability of prison staff to monitor the frequency and content of his calls").

## Recommendation

The Court should deny the Section 2241 petition.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 17, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE